UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRIS DRENOWATZ, §
§
*Plaintiff,* §
§
v. § Civil Action No. 3:25-CV-1583-X
§
REPUBLIC SERVICES, INC., §
§
*Defendant.* §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Republic Services, Inc.'s Partial Motion to Dismiss First Amended Complaint and Jury Demand. (Doc. 12). Plaintiff Chris Drenowatz did not file a response to the Motion to Dismiss. Additionally, Republic filed a Motion to Strike Drenowatz's Jury Demand. (Doc. 18). The Court **GRANTS** Republic's Motion to Dismiss and **DISMISSES WITH PREJUDICE** the claims based on conduct occurring prior to April 25, 2024. The Court **DISMISSES WITHOUT PREJUDICE** Drenowatz's religious discrimination allegations. The Court also **STRIKES** Drenowatz's jury demand.

## I. Background

Drenowatz is a 54-year-old white Christian male who filed this lawsuit because he was allegedly passed up for promotions based on his race, age, sex, and religion. Drenowatz worked as a field procurement manager at Republic Services for almost seven years, from November 2017 until September 20, 2024, when he was terminated.

In Spring 2022, Drenowatz was passed over for a promotion to Senior Field Manager in favor of a black man, Isaac Gaidoo, who Drenowatz claims was less qualified. Drenowatz pled that Gaidoo was promoted as part of Republic's diversity, equity, and inclusion efforts. Republic boasted that 45% of Republic's leadership roles were filled by women and/or racially or ethnically diverse people.

In June 2023, Fariba Azadeh, a female Muslim under 40 years old, was promoted to be Drenowatz's boss. Drenowatz claims that Azadeh treated him and other white men differently from how she treated women and minorities.

In Fall 2023, Drenowatz again applied for a promotion and was passed over. This time, Azadeh conducted the interview and told Drenowatz he did not have the required level of Six Sigma training needed, despite Drenowatz having the level listed in the job post. Republic subsequently hired Stephanie Brown, a woman under 40 for the job instead.

After being twice passed over, Drenowatz filed a complaint with Republic's human resources that he was not promoted because of his race, age, and gender. Human resources disclosed Drenowatz's complaint to Azadeh and Brown, who were not fond of the allegations. Drenowatz claims that after human recources disclosed his complaint, Brown started treating him differently than other employees.

In July 2024, Azadeh and Brown conducted Drenowatz's mid-year review (despite no other employees having Brown attend his or her mid-year review) and placed Drenowatz on a performance improvement plan. Drenowatz had weekly meetings with Brown about his performance, where she shifted and changed the goals

in his plan, making it impossible to meet the goals.  On September 20, 2024, Drenowatz was fired before the end of his 90-day improvement plan.

Drenowatz filed an Equal Employment Opportunity Commission (Commission) charge on February 19, 2025 and received a Right to Sue Letter on March 31, 2025.  Drenowatz subsequently filed suit in Texas state court on May 15, 2025, and the Defendants removed to federal court shortly thereafter.  Republic moved to dismiss Drenowatz's complaint for failure to state a claim and requested to strike the jury demand.

## II. Legal Standard

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."[1]  The complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."[2]  And there must be enough facts for the Court to be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

In its evaluation, the Court construes the complaint liberally in favor of the plaintiff, and accepts all facts pleaded in the complaint as true.[4]  But conclusory statements or legal conclusions are not credited.[5]

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[5] *See Ashcroft*, 556 U.S. at 678.

### III. Analysis

Republic raises two principal reasons to partially dismiss Drenowatz's First Amended Complaint. First, Republic argues that allegations before April 25, 2024 are untimely. Second, Republic argues that Drenowatz's religious discrimination factual allegations are deficient. Finally, Republic moved to strike Drenowatz's jury demand. Court addressed each in turn.

### A. Claims before April 25, 2024

Title VII and the ADEA require a plaintiff to exhaust his administrative remedies before seeking judicial relief.[6] A claim is "exhausted" if an individual files a timely complaint with the Commission and the Commission informs the charging party of his right to sue.[7] The amount of time an aggrieved person has to file with the Commission depends on whether a charge was first filed with the state commission.[8] When first filed with the state commission, a charge of discrimination, must be filed with the Commission within 300 days of the discriminatory acts alleged therein.[9] If a plaintiff does not file a timely claim with the Commission, the claim is barred.[10]

---

[6] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII); *Karahogitis v. TPUSA, Inc.*, No. 4:24-cv-00706, 2024 WL 4795381, at *5 (N.D. Tex. Nov. 14, 2024) (ADEA).

[7] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).

[8] *See* 42 U.S.C. § 2000e-5(e)(1) (setting forth 180-day limitation period unless first filed with the state, then providing a 300-day limitations period for Title VII claims); 29 U.S.C. § 626(d)(1)(B) (setting forth a 180 or 300-day limitations period for ADEA claims).

[9] *Id.*

[10] *Barrow v. New Orleans Steamship Ass'n*, 932 F.2d 473, 476–77 (5th Cir. 1991).

Here, Drenowatz filed his charge on February 19, 2025. Drenowatz's Amended Complaint is notably lacking any information on whether he first filed with the Texas Workforce Commission. But Republic moved to dismiss *only* discrete acts that occurred more than 300 days before the filing of his Commission charge, not 180 days.[11] And 300 days before the filing of his charge is April 25, 2024.

Two of Drenowatz's factual instances of discrimination occurred before April 25, 2024, namely, being passed over for a promotion in spring of 2022 and January 2024. Drenowaltz did not file a response explaining any exception that may permit the Court to consider these acts. Thus, because Drenowatz did not timely file his charge with the Commission, these discrete discriminatory acts are time barred and cannot constitute a Title VII or ADEA claim.[12] Accordingly, the Court **DISMISSES WITH PREJUDICE** these instances of discrimination.

### B. Religious Discrimination

Next, Republic moved to dismiss Drenowatz's allegations of religious discrimination because the live pleading lacks any factual allegations about discrimination on the basis of religion. "[T]here are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse

---

[11] Because Republic did not request dismissal of claims that occurred between the 180 days and 300 days, the Court does not consider whether they are timely. Drenowatz's amended complaint **SHALL** include facts about whether allegations were first filed with the Texas Workforce Commission.

[12] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred.").

employment action, (2) taken against plaintiff because of h[is] protected status."[13] Drenowatz makes no factual allegations that any adverse employment actions took place because of his religion. Instead, Drenowatz only makes a passing reference to his religion, Christian, and the Azadeh's religion, Muslim. So much so that Drenowatz's complaint attributes the different treatment he received at Republic because of his age, race, and sex but not his religion.[14] The Court cannot assume the reason for Azadeh's different treatment to Drenowatz without facts to support the assumption.

Here, Drenowatz does not plead sufficient facts for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Republic requests the Court dismiss with prejudice and deny and leave to amend. The Court disagrees. Although Drenowaltz has amended his complaint once as of right, his amendment was from a state court pleading that was not required to comply with this Court's pleading standards. Thus, the Court will grant Drenowatz leave to amend to cure the factual deficiencies identified in this order. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Drenowatz's claim for discrimination on the basis of his religion.

---

[13] *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (cleaned up).

[14] *See* Doc. 10 ("When Mr. Drenowatz met Ms. Azadeh for the first time at the headquarters during training, he noticed a drastic difference in how she treated him and other white males and non-white or female employees. She was very friendly with the other women and African American men, but very stand-offish with Mr. Drenowatz and other white men.").

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## C. Strike Jury Demand

Finally, the Court addresses Republic's request to strike Drenowatz's jury demand. Republic presents a contract between the parties that waived a jury in the event of a lawsuit. Contracts that waive the right to a jury trial are enforceable, so long as the contract is a valid contract.[16] "An express [jury] waiver requires only that the party waiving such right do so voluntarily and knowingly based on the facts of the case."[17] Once a party establishes that a jury waiver exists, "the burden shifts to the party objecting to enforcement of a waiver to explain why the contractual waiver is invalid."[18] Drenowatz does not contest that the jury waiver was entered voluntarily and knowingly, instead his only response is that Republic waived the ability to strike the jury demand.[19] This is not so.

Waiver consists of the intentional relinquishment of a known right or conduct inconsistent with claiming that right.[20] But Republic has neither relinquished the right nor acted inconstant with it. Since Republic's initial pleadings, namely its answer, Republic has maintained that Drenowatz is not entitled to a jury.[21] And again in its Motion to Dismiss, Republic's title to the Motion took umbrage with

---

[16] *See Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 540 (5th Cir. 2023).

[17] *Id.* at 540–41 (cleaned up).

[18] *Id.*

[19] Doc. 22.

[20] *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006).

[21] *See* Doc. 9 ("Defendant denies that Plaintiff is entitled to a jury trial on any issues. Plaintiff signed a valid and binding jury waiver, waiving his right to a jury trial concerning any lawsuit arising from his employment with Defendant.").

Drenowatz's jury demand.  While Republic only recently filed its Motion to strike the jury demand, that came in response to the Court setting this case for a jury trial.[22]

Thus, the Court finds that Republic has not relinquished the contractual right not to have a jury nor acted inconstantly with that right.  And Plaintiff has not met his burden to show the contractual jury waiver is invalid.  Accordingly, Drenowatz is not entitled to a jury trial.  The Court will amend the current scheduling order to reflect deadlines consistent with a bench trial.

## IV.    Conclusion

Accordingly, the Court **DISMISSES WITH PREJUDICE** Drenowatz's discrete discriminatory allegations occurring before April 25, 2024.  The Court **DISMISSED WITHOUT PREJUDICE** allegations of religious discrimination.  The Court also **STRIKES** Drenowatz's jury demand.

The Court **ORDERS** the Drenowatz to replead and cure the defects in his complaint as his religious discrimination claims and removing allegation that are barred within twenty-eight days of the date of this order.  The changes Drenowatz may make in that pleading are limited to curing the defects this Order identifies.  Drenowatz may not add new claims or parties in the amended pleading.

**IT IS SO ORDERED** this 23rd day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[22] *See* Doc. 17.

8